UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14468-CIV-CANNON/MAYNARD

MANDALIN ELDER,

      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,

      Defendant.

_____/

REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED
PETITION FOR EAJA FEE UNDER 28 U.S.C. § 2412(d) ("MOTION") [DE 31]

THIS CAUSE is before me upon the above Motion.  Having carefully reviewed the Motion

and noting that Defendant is unopposed to the requested relief, I RECOMMEND that Plaintiff's

Motion be GRANTED and that Plaintiff be awarded $7,608.13 in attorney fees and $32.70 in

reimbursable expenses under the EAJA.

I.      BACKGROUND

On December 30, 2020, Plaintiff filed this case seeking judicial review of the denial of his

application for disability insurance benefits under the Social Security Act.  DE 1.  Following a series

of extensions of time due to pandemic-induced delays, Defendant filed an Answer and a copy of the

Administrative Record.  DE 20; DE 28.  On September 10, 2021, Plaintiff filed a motion for summary

judgment.  DE 24.  On October 7, 2021, Defendant filed an unopposed motion to remand the case to

the Commissioner for further administrative proceedings.  DE 29.  Defendant stated that, on remand,

the Appeals Council would instruct the Administrative Law Judge to obtain evidence from a

vocational expert, and before relying on the vocational expert evidence, identify and resolve any

conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles; offer Plaintiff the opportunity for a hearing; address the evidence that was submitted to the Appeals Council; take any further action needed to compete the administrative record; and issue a new decision. *Id.*

On October 13, 2021, the District Court entered an Order entering final judgment in Plaintiff's favor and reversing and remanding the case for further review. DE 30. Plaintiff now moves for an award of $7,608.13 in attorney fees, $20.70 in expenses, and $12.00 in paralegal fees pursuant to the Equal Access to Justice Act ("EAJA"). DE 31.

## II.     ANALYSIS

### A.  Entitlement to Attorney's Fees

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Ochoa v. Comm'r of Soc. Sec.*, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020). An EAJA request is timely if made within 30 days of the final

judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n. 20 (11th Cir. 1990). An EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and, if alleged, the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff has met all five conditions entitling him to an EAJA award. First, Plaintiff prevailed because a sentence-four remand was ordered. Second, Plaintiff asserts that Defendant's position was not substantially justified, DE 31 at 2, 13-14, and Defendant does not seek to show otherwise. *See Ochoa*, 2020 WL 4208042 at \*2 (finding the second condition met under the same circumstances); *Delaney*, 2018 WL 7820219, at \*1 (same). I also note that, after filing an Answer generally denying Plaintiff's claims in this case, Defendant filed a motion for remand for the agency to further consider Plaintiff's application. This unprompted change further indicates that Defendant's position was not substantially justified. *See Luna v. Bowen*, 663 F. Supp. 109, 111 (D. Colo. 1987) ("[A] consent to remand would not obviate an EAJA award if the government files an answer before agreeing to remand."). Third, Plaintiff's Motion was filed less than 90 days after the Final Judgment was entered; thus, it is timely. Fourth, it is undisputed that Plaintiff's net worth was less than $2 million at the time she filed this case. Fifth and finally, I find that there are no special circumstances that would make an award of fees unjust.

**B. Reasonableness of Attorney Fees Claimed**

Attorney fees requested under the EAJA must be reasonable and "shall be based upon

prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  Courts consider the application of the cost-of-living adjustment "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992).  A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).  The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988).  A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff is represented by attorney Mark Zakhvatayev, Esq.  Plaintiff seeks a total EAJA award of $7,608.13 in attorney fees—to account for .50 billable hours of Mr. Zakhvatayev's time spent on this matter at an hourly rate of $208.75 in 2020 and 34.50 billable hours of Mr. Zakhvatayev's time spent on this matter at an hourly rate of $217.50 in 2021.  Mr. Zakhvatayev has provided an affidavit, which includes a detailed breakdown of the tasks he performed, the dates he performed them, and how long it took to perform them. DE 31 at 10-11.

Drawing upon my own knowledge and expertise in the award of attorney fees, I find that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court … is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Sensat v. Berryhill*, 2018 WL 5257143, at *6 n. 12 (S.D. Fla. Oct. 22, 2018) (providing the steps to calculate

the change in cost of living).  I have independently reviewed the specific tasks performed by counsel and find the time spent reasonable.  Mr. Zakhvatayev specializes in handling social security appeals, as reflected in his affidavit and his many appearances in federal court.  DE 31 at 6-11.  Mr. Zakhvatayev's affidavit documents the work he performed in this case, which included consulting with his client, reviewing the underlying administrative decision, preparing and filing pleadings including a motion for summary judgment, and monitoring case filings.  Upon independent review, I find that the attorney fee award sought by Plaintiff is reasonable.

### C.  Other Expenses

Plaintiff also requests reimbursement of $20.70 in certified mail expenses associated with this case, and $12.00 in paralegal fees.  The EAJA authorizes the award of costs and expenses.  28 U.S.C. § 2412(a)(1) & (d)(1)(A); *Ochoa*, 2020 WL 4208042 at *3 (S.D. Fla. July 22, 2020).  These requested amounts are reasonable and should be awarded to Plaintiff as reimbursable expenses.

### D.  Assignment of Fees and Expenses

Because Plaintiff is eligible for an EAJA award and her requested amount is reasonable, I recommend that Plaintiff be awarded the fees and expenses she seeks.  However, an EAJA award is to the party, not her attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).  Thus, the award is subject to offset to satisfy any pre-existing debt that Plaintiff owes to the Government, and payment due Plaintiff in excess of any such debt may be paid to Plaintiff's counsel if Plaintiff has assigned to her counsel her right to fees.  *See id.* at 597 (noting that the Government discontinued the direct payment practice of paying fees to a plaintiff's counsel except in cases where the plaintiff does not owe a federal debt and has assigned her right to fees to the attorney).

Here, Plaintiff attaches a copy of her attorney fee contract with her counsel.  DE 31-1.  The contract bears Plaintiff's signature and reflects that Plaintiff assigned her rights to fees payable under

the EAJA to her counsel.  *Id.*  With such assignment in place, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

## III.    RECOMMENDATION

Consistent with the foregoing, I **RECOMMEND** that Plaintiff's Motion for EAJA Fee [DE 31] be **GRANTED** and that Plaintiff be **AWARDED** a total of **$7,608.13** in attorney fees and **$32.70** in reimbursable expenses under the EAJA, which shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debt.

## IV.    NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 4th day of January, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE